UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA BELK | ) | CASE NO. |
| c/o her attorneys Tittle & Perlmuter | ) | |
| 2012 West 25th Street, Ste. 716 | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | Magistrate Judge |
| and | ) | |
| | ) | |
| TIFFANY MORRIS | ) | |
| c/o her attorneys Tittle & Perlmuter | ) | |
| 2012 West 25th Street, Ste. 716 | ) | **PLAINTIFFS' CLASS AND** |
| Cleveland, OH 44113 | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER THE FAIR** |
| On behalf of themselves and all others | ) | **LABOR STANDARD ACT AND** |
| similarly situated, | ) | **STATE LAW** |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| LE CHAPERON ROUGE COMPANY | ) | |
| c/o its Statutory Agent | ) | |
| SMDK Agency, Inc. | ) | |
| 3333 Richmond Road, Suite 370 | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| —and— | ) | |
| | ) | |
| STELLA MOGA-KENNEDY | ) | |
| c/o Le Chaperon Rouge Company | ) | |
| c/o its Statutory Agent | ) | |
| SMDK Agency, Inc. | ) | |
| 3333 Richmond Road, Suite 370 | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Brianna Belk and Tiffany Morris, through counsel, respectfully file this Class and Collective Action Complaint against Defendant Le Chaperon Rouge Company and Defendant Stella Moga-Kennedy (sometimes collectively "Defendants").

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, and the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under the Ohio overtime compensation statute (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

7. At all times relevant, Plaintiffs Brianna Belk and Tiffany Morris were citizens of the United States and residents of Cuyahoga County, Ohio.

8. Defendant Le Chaperon Rouge Company is an Ohio corporation doing business as "Le Chaperon Rouge."  Le Chaperon Rouge does business at multiple locations in northern Ohio, including at 6010 Kruse Drive, Solon, Ohio 44139, the location at which Plaintiffs were employed.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, Ohio 44122.

9. At all times relevant, Defendant Stella Moga-Kennedy was the owner, operator, and principal manager of Le Chaperon Rouge.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. Le Chaperon Rouge operates child-care facilities throughout northern Ohio.  The facilities provide child-care, development, and private elementary services.

3

11. Le Chaperon Rouge utilizes employees, whom it calls "teachers and other staff members," to provide child-care, development, and private elementary services for children ages six weeks through twelve years old.

**Defendants' Employment of Plaintiffs, Potential Opt-Ins, and Class Members**

12. Plaintiffs, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Defendants as non-exempt employees of Le Chaperon Rouge.

13. Plaintiff Brianna Belk worked for Le Chaperon Rouge at 6010 Kruse Drive, Solon, Ohio 44139 at various times from June 2011 through March 2018.

14. Plaintiff Tiffany Morris worked for Le Chaperon Rouge at 6010 Kruse Drive, Solon, Ohio 44139 continuously from April 2015 through February 2018.

**Defendants' Status as "Employers"**

15. Defendant Le Chaperon Rouge was an "employer" of Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant Stella Moga-Kennedy was an "employer" pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Le Chaperon Rouge, "in relation to employees," including Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of Le Chaperon Rouge, Defendant Moga-Kennedy had operational control over significant aspects of the company's operations and day-to-day

4

functions, including compensation of employees. Defendant Moga-Kennedy instituted or knowingly ratified the unlawful pay practices of the company described herein.

17. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id*.

18. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

19. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendants' Failed to Pay Employees for All Hours Worked

20. The FLSA and Ohio law required Le Chaperon Rouge to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

21. Le Chaperon Rouge did not pay Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work. Rather, Le Chaperon Rouge expected and required them to perform unpaid work before the start of their paid shifts, and to continue to work past the end of their paid shifts.

22. For instance, at all times relevant, Le Chaperon Rouge required teachers to be present in their rooms at least five minutes before the children's scheduled arrival time, but the company's timekeeping system automatically recorded the start of their paid shift from the children's scheduled arrival time.

23. Le Chaperon Rouge further required teachers to remain in their rooms after the children's scheduled release time performing activities such as cleaning and talking with parents, but the company's timekeeping system automatically recorded the end of their paid shift ten minutes from the children's scheduled release time.

24. Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek, and would have received overtime compensation, or additional overtime compensation, if the unpaid pre-shift and post-shift work had been properly included in their paid time.

## The Willfulness of Defendants' Violations

25. Defendants knew that Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members were entitled to overtime compensation under federal and state law, or acted in reckless disregard for whether they were so entitled.

26. Defendants intentionally and willfully circumvented the requirements of the FLSA and state law. Le Chaperon Rouge designed their timekeeping and payroll practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

29. The Potential Opt-Ins who are "similarly situated" to Plaintiffs with respect to Le Chaperon Rouge's FLSA violations consist of:

> All full time teachers for Le Chaperon Rouge who were subject to the company's clocking-in and clocking-out practices during the period three years preceding the commencement of this action to the present.

30. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

31. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

32. Plaintiffs cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of hundreds of persons. Such

persons are readily identifiable through the records Le Chaperon Rouge has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiffs bring this case on behalf of themselves and other members of a proposed Ohio Class, defined as:

> All full time teachers for Le Chaperon Rouge who were subject to the company's clocking-in and clocking-out practices during the period two years preceding the commencement of this action to the present.

35. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiffs cannot yet state the exact number of Class Members but avers, upon information and belief, that they total in excess of 100 employees of Defendants. The number of Class Members as well as their identities are ascertainable from records Le Chaperon Rouge has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

36. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Le Chaperon Rouge required Plaintiffs and other Class Members to perform unpaid work before the start of their paid shifts and to continue to work past the end of their paid shifts.

   b) Whether Le Chaperon Rouge deprived Plaintiffs and other Class Members of overtime compensation at one and one-half

times their "regular rate" for hours worked in excess of forty hours in a workweek.

37. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

38. Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

41. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent to becoming a party to this action pursuant to § 216(b) will be filed with the Court.

43. The FLSA required Defendants to pay its teachers overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

44. Defendants failed to pay overtime compensation to Plaintiffs and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Defendants, in violation of law, required them to perform unpaid work before the start of their paid shifts and to continue to work past the end of their paid shifts.

45. By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46. As a result of Defendants' violations of the FLSA, Plaintiffs and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated

damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

47. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of themselves, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

49. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its teachers and other staff members when due.

51. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

52. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Record-Keeping Violations)

53. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

54. The OMFWA required Defendants to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

55. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of its teacher's and other staff member's time.

56. As a result of Defendants' record-keeping violations, Plaintiffs, the potential Opt-Ins in Ohio, and the Ohio Class Members were injured in that Le Chaperon Rouge does not have accurate and complete records of their working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.     Award Plaintiffs their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)